CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SETH JAYE CLARK, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06CV00210 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Seth Jaye Clark, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Clark alleges, in part, that his attorney was constitutionally ineffective for failing to file a notice of appeal.[1] The government previously moved to dismiss the motion on the basis that Clark waived the right to collaterally attack his conviction and sentence. By opinion and order entered January 26, 2007, the court denied the motion to dismiss as to the aforementioned claim and directed the government to file a response on the merits.

The government has now filed a motion to grant Clark's § 2255 motion with respect to his claim that his attorney failed to file a notice of appeal. Although the government has submitted an affidavit from Clark's attorney which suggests that Clark did not ask him to file an appeal, the government recognizes that a genuine issue of material fact exists with respect to this claim and, thus, that the claim could not be resolved without an evidentiary hearing. Rather than holding an evidentiary hearing, the government requests that the court grant Clark's § 2255

---

[1] Specifically, Clark alleges under penalty of perjury that although he instructed his attorney to file a notice of appeal and the attorney promised Clark's mother that a notice of appeal would be filed, the attorney disregarded Clark's instructions and did not file the requested appeal. Additionally, Clark alleges that his attorney did not advise him that a notice of appeal had not been filed until after the time for filing an appeal had expired.

motion as to this claim.[2]

Accordingly, for good cause shown, the court will grant Clark's § 2255 motion as to his claim that his attorney was constitutionally ineffective for failing to file a notice of appeal.[3] The court will vacate the original judgment in Clark's criminal case and enter a new judgment from which an appeal can be taken. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner, counsel of record for the respondent, and petitioner's defense counsel in the criminal action.

ENTER: This 20th day of February, 2007.

*/s/ Jack Conrad*
United States District Judge

---

[2] The government notes that Clark waived the right to appeal sentencing guidelines issues as part of the plea agreement and, thus, that Clark could potentially breach the agreement by filing an appeal. The government also notes that it reserves the right to elect any or all of the remedies for breach of the plea agreement, including declaring the plea agreement void and proceeding to trial. (Plea Ag. at 9-10).

[3] All other claims will be dismissed without prejudice. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

2